USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/8/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WINDWARD BORA LLC,

        Plaintiff,

-against-

CONSTANCE R. BROWNE, et al.

        Defendants.

1:20-CV-4748 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

      During today's telephonic status conference, the parties discussed the failure of plaintiff Windward Bora LLC (Windward) to produce the original promissory note (Note) upon which it sues. This issue has now stalled discovery for several months, during which this Court's deadlines for fact and expert discovery (March 1 and April 5, 2021, respectively, *see* Dkt. No. 26 ¶¶ 4-5) have come and gone.

      In its Verified Complaint, filed on June 19, 2020, Windward attested that it was "in physical possession and is the owner and holder of the Note." (Dkt. No. 1 ¶ 13.)

      In a joint status letter dated January 5, 2021, the parties wrote: "The note is located in Miami Beach, Florida, but the Plaintiff is making arrangements for the note to be inspected in New York City, NY by early February 2021." (Dkt. No. 29 at 2.)

      In a joint status letter dated February 11, 2021, Windward stated that it "intend[ed] to arrange" for the inspection of the original Note on a date before March 3, 2021. (Dkt. No. 31 at 2.)

      In an order dated February 16, 2021 (issued after a conference during which Windward's counsel again represented that plaintiff would produce the original Note for inspection), the Court directed the parties to "meet and confer in good faith to . . . arrange for plaintiff to produce the original note for inspection on the earliest date reasonably convenient for counsel and for

defendants' [handwriting] expert." (Dkt. No. 32 ¶ 2.) The depositions of defendants – who challenge the authenticity of their purported signatures on the Note – were to take place within two weeks after the inspection of the Note. (*Id*.)

Most recently, in a joint status letter dated March 22, 2021, Windward advised that the Note still had not been produced, explaining that Windward "is still unable to produce the original note for inspection because the Plaintiff's corporate representative is in France and unable to leave [due to] Covid-related restrictions." (Dkt. No. 34 at 2.) Plaintiff added that it intended, "not later than March 29, 2021," to file "a motion for leave to amend the complaint for the sole purpose of adding a lost note count, in the event that the Plaintiff cannot locate the note." (*Id*.) The deadline for amending the pleadings was November 9, 2020. (Dkt. No. 26 ¶ 1.) No motion to amend was filed on March 29, 2021, or on any other date.

During today's conference, plaintiff's counsel, Christopher B. Spuches, stated that in addition to its corporate representative, Eitan Korb, who testified on its behalf this week (from France), Windward has a "principal," Yonel Devico, who is located in Morocco. Counsel reported that neither individual is presently able to travel to Miami Beach, Florida, where the Note is stored in a locked office, because of travel restrictions related to the COVID-19 pandemic. Counsel further reported that although his own office is in Coral Gables, Florida (approximately 13 miles from Miami Beach by road), he had been unable to obtain Windward's permission to search for the Note in its office. Counsel failed to mention (until opposing counsel raised the issue during the conference) that Windward's principal, Devico, was in Miami Beach as recently as January 14, 2021, when he verified certain written discovery responses from that location – and may have searched the Miami Beach office himself, unsuccessfully, for the Note.

It is hereby ORDERED that, no later than **May 10, 2021**:

1. If the Note has been located and produced, the parties shall so report in a joint letter, which shall also propose a revised schedule for the remaining discovery. In the alternative;

2. If the Note has not been located and produced, plaintiff shall submit one or more sworn statements, made on personal knowledge, explaining what efforts were made to locate and produce the Note and why those efforts failed. If Windward contends that it was unable to produce the Note due to pandemic-related travel restrictions, it shall specifically describe: (i) the precise statutes, regulations, or directives (with citations) preventing its representatives from traveling to the United States; (ii) the efforts made to overcome or work around any such restrictions, including by authorizing counsel or another agent to conduct the search on Windward's behalf; and (iii) all time periods during which plaintiff's corporate representative and/or principal were in the United States since the Verified Complaint was filed, and why the Note was not located and produced during those periods.

Dated: New York, New York
       April 8, 2021

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**