UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WINDWARD BORA LLC,

        Plaintiff,

-against-

CONSTANCE R. BROWNE, et al.

        Defendants.

1:20-CV-4748 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons that follow, plaintiff's motion (Dkt. No. 41) seeking a protective order to prohibit defendants from taking the deposition of plaintiff's principal, Yonel Devico, is DENIED, and defendants' cross-motion (Dkt. No. 43) is GRANTED to the extent that (i) Devico shall appear for his deposition on or before **Friday, June 18, 2021**, and (ii) if and to the extent defendants have not yet appeared for their depositions, they shall do so on or before **Friday, June 25, 2021**.

First, the Court has already ruled that defendants may take Devico's deposition. *See* Order dated May 18, 2021 (Dkt. No. 40) ¶ 2. When the issue arose, during the May 18, 2021 discovery conference, defendants explained that they sought a short deposition of Devico because the "corporate representative" that plaintiff previously produced pursuant to Fed. R. Civ. P. 30(b)(6) lacked "knowledge or information as to the acquiring of the note" at issue in this action. Plaintiff objected to producing Devico on the same grounds asserted here: that information concerning the acquisition of the subject note is irrelevant once plaintiff establishes that it possesses an original document signed by defendants, and therefore that the proposed deposition would be a "fishing expedition" and "harassment." The Court rejected plaintiff's position and directed it to produce Devico for a half-day deposition no later than June 15, 2021. May 18 Order ¶ 2.[1]

---

[1] Whether plaintiff possesses an original document signed by defendants remains in issue. On June 8, 2021, after plaintiff located what it asserts to be the original note, defendants'

Second, plaintiff's motion is untimely and procedurally improper. Under Local Civil Rule 6.3, motions for reconsideration or re-argument must be made within 14 days of the order objected to, and must set forth the "matters or controlling decisions which counsel believes the Court has overlooked." Here, plaintiff waited 24 days to file the present motion, styled as a motion for a protective order, and makes no showing as to any matters or decisions "overlooked" the first time the Court resolved the same dispute. Even if the issue had not previously been litigated, plaintiff could not reasonably expect the Court to grant a protective order motion that was filed just two business days before the deadline for completing the deposition in question and that made no effort to comply with Local Civ. R. 37.2 or Moses Ind. Prac. § 2(b).

Third, as this Court has previously explained, "[a] prohibition against the taking of an oral deposition is a very unusual procedure and a party who seeks a protective order prohibiting such a deposition bears a heavy burden of demonstrating good cause for such an order." *Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2*, 2020 WL 4041058, at *2 (S.D.N.Y. July 17, 2020) (quoting *In re McCorhill Pub., Inc.*, 91 B.R. 223, 225 (Bankr. S.D.N.Y. 1988)), *objections overruled*, 2021 WL 568124 (S.D.N.Y. Feb. 16, 2021); *see also Qube Films Ltd. v. Padell*, 2015 WL 109628, at *2 (S.D.N.Y. Jan. 5, 2015) ("entirely prohibiting the taking of an oral deposition is very unusual"); *Ashkenazi as Tr. of Halpert Alexander Tr. v. Lincoln Nat'l Life Ins. Co.*, 2010 WL 11623469, at *2 (E.D.N.Y. Aug. 27, 2010) (quoting *American High-Income Trust v. AlliedSignal*, 2006 WL 3545432, at * 2 (S.D.N.Y. Dec. 8, 2006)) ("it is exceedingly difficult to demonstrate an appropriate basis for an order barring the taking of a deposition") (internal quotation marks omitted); 8A Wright & Miller, *Federal Practice and Procedure*, § 2037 (3d ed.) ("most requests of this kind are denied"). In this case, plaintiff has not shown good cause for

---

handwriting expert inspected the document. *See* Pl. Mem. (Dkt. No. 42) at 4 ¶ 15. Defendants' expert report is due June 29, 2021. May 18 Order ¶ 4.

such an order. Defendants have taken only one previous deposition in this action. Requiring plaintiff's principal to appear for half a day or less is not unduly burdensome. Moreover, plaintiff's claim that Devico "does not have any additional or specialized knowledge" relevant to this action, Pl. Mem. at 5, appears only in its brief, unsupported by any declaration from Devico or other admissible evidence. Where, as here, the authenticity of the signatures on the note remains in issue, the Court cannot conclude, based solely on the conclusory statements contained in plaintiff's memorandum, that its principal has no relevant testimony to offer at deposition.

Fourth, although the Federal Rules of Civil Procedure do not contemplate any particular order or priority of deposition, in this case the parties previously arranged for Devico to be deposed before the two individual defendants. *See* Def. Mem. (Dkt. No. 43-1) at 1. Under the circumstances, it would be unfair to reward plaintiff for its unmeritorious motion by requiring defendants to relinquish what they may view as advantageous sequencing.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 41 and 43.

Dated: New York, New York
       June 14, 2021                            SO ORDERED.

                                                                               **BARBARA MOSES**
                                                                               **United States Magistrate Judge**