

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WINDWARD BORA LLC,

        Plaintiff,

  -against-

CONSTANCE R. BROWNE, et al.

        Defendants.

1:20-CV-4748 (BCM)

**ORDER ADJOURNING CONFERENCE**

**BARBARA MOSES, United States Magistrate Judge.**

    The Court has received and reviewed defendants' letter dated August 30, 2021 (Dkt. No. 57), which attaches 110 pages of written discovery demands and responses, advises the Court that "the Plaintiff does not want to respond to these necessary and proper demands," and requests a discovery conference. It appears from the attached discovery materials that plaintiff has in fact produced various documents (some of them redacted) in response to defendants' "Post EBT Demands," while objecting to other demands. (Dkt. No. 57 Ex. A.) Similarly, plaintiff answered some of defendants' "First Interrogatories," while objecting to others. (*Id*. Ex. E.)

    In their August 30 letter-motion, defendants do not specify in what respects plaintiff's responses are unsatisfactory and do not identify the relief sought, as required by Moses Ind. Prac. § 2(b). For example, do defendants seek an order compelling the production of plaintiff's retainer agreement with its attorneys, as requested in ¶ 5 of their Post EBT Demands? If so, which attorneys are the subject of the request? Do they also seek "proof of payment" of "any" legal fees and expenses? If an order compelling production is requested, on what basis do defendants contend that the retainer agreement(s) and/or payment documents are discoverable in accordance with Fed. R. Civ. P. 26(b) (*i.e.*, non-privileged, relevant, and proportional to the stakes in this action)?

    Consequently, the letter-motion is DENIED without prejudice to resubmission, in accordance with § 2(b), no later than **September 10, 2021**. Plaintiff shall respond no later than **September 15, 2021**. An optional reply will be due **September 17, 2021**. The discovery conference scheduled for September 13, 2021, is hereby ADJOURNED *sine die*.

    In the interim, the Court offers the following guidance to plaintiff: Fed. R. Civ. P. 34(b)(2)(C), as amended in 2015, makes it clear that a party may no longer respond to a document demand merely by stating that it "objects . . . to the extent that" the demand is objectionable for a laundry list of reasons. Rather, in response to *each* demand, the party must clearly state, in its written response, *whether or not it is withholding the requested documents* (or some of them), and if so, *on what basis*. Taking ¶ 5 as an example, if plaintiff's retainer agreement(s) with its attorneys are within its possession, custody, and control but are not being produced on the basis of the attorney-client privilege or the work product doctrine, *it must so state* (and must also provide a privilege log in accordance with Local Civ. R. 26.2). If it is willing to produce its retainer agreement with its prior counsel but not its current retainer agreement or the related documents sought (*i.e.*, "proof of payment" of its legal bills), *it must so*

*state*, produce the un-objected to document, and log the documents being withheld on privilege grounds. In the (unlikely) event there are no documents responsive to ¶ 5 within plaintiff's possession, custody, and control, *it must so state*.

Plaintiff is also reminded that, pursuant to Fed. R. Civ. P. 26(e), it has an affirmative obligation to update its automatic disclosures, made pursuant to Fed. R. Civ. P. 26(a)(1), as well as its prior interrogatory responses, if and when it learns "that in some material respect the disclosure or response is incomplete or incorrect," unless the additional or corrective information has previously been conveyed to the opposing party.

The Clerk of Court is respectfully directed to close the letter-motion at Dkt. No. 57.

Dated: New York, New York
August 31, 2021                     SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**