USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/21/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WINDWARD BORA LLC,

        Plaintiff,

   -against-

CONSTANCE R. BROWNE, et al.

        Defendants.

1:20-CV-4748 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    The Court has reviewed defendants' letter-motion (Def. Ltr.) (Dkt. No. 59) seeking an order to compel additional document production by plaintiff Windward Bora LLC; plaintiff's opposition letter (Pl. Opp.) (Dkt. No. 60); and defendants' reply letter (Def. Reply) (Dkt. No. 61). No conference is required. Defendants' application is GRANTED IN PART and DENIED IN PART as follows:

    1.    Plaintiff need not produce its retainer agreement(s) with its counsel, nor its legal bills. The requested documents are relevant only to plaintiff's potential claim for recovery of its costs and fees incurred in enforcing the Note, *see* Compl. (Dkt. No. 1) ¶ 21, which claim has now been expressly waived by plaintiff through its counsel of record. *See* Pl. Opp. at 2.

    2.    Plaintiff shall promptly produce the unredacted mortgage loan agreement. The document as a whole is clearly relevant to the claims and defenses asserted herein, *see* Fed. R. Civ. P. 26(b)(1), and plaintiff does not contend that the redacted information is privileged, nor that it requires redaction pursuant to Fed. R. Civ. P. 5.2. The risk that disclosure would disadvantage plaintiff in settlement negotiations, *see* Pl. Opp. at 3, is not a reason "to depart from the general rule that relevance redactions are improper." *Christine Asia Co. v. Alibaba Grp. Holding Ltd.*, 327 F.R.D. 52, 54 (S.D.N.Y. 2018) (collecting cases).

3.	Plaintiff need not respond to "Post EBT Demand item 6," which is in effect an interrogatory asking plaintiff to state the date and time at which plaintiff created a document entitled "Pay History." Defendants have failed to establish the relevance of that information to any party's claim or defense, or to "plaintiff's credibility." Def. Ltr. at 2. In their reply letter-brief, defendants assert that they are entitled to know which payments plaintiff believes to be barred by the statute of limitations, see Def. Reply at 2-3, but fail to explain how an answer to "item 6" would bear on that issue.

4.	All parties complain that they have not yet received "signed and notarized" (Def. Ltr. at 2) or "execute[d] and acknowledge[d]" (Pl. Opp. at 4 n.3) deposition transcripts from the opposing parties or witnesses. Under Fed. R. Civ. P. 30(f)(1), it is the officer before whom the deposition is conducted who certifies that the witness was duly sworn and that her testimony was accurately recorded. However, if the witness wishes to make changes to the transcript, she must "sign a statement listing the changes and the reasons for making them." Fed. R. Civ. P. 30(e)(1)(B). Given the time that has already passed, any such statements must be signed and served no later than **September 30, 2021**.

All relief not specifically granted herein is DENIED. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 59

Dated: New York, New York
       September 21, 2021                          SO ORDERED.

                                                   _____
                                                   **BARBARA MOSES**
                                                   **United States Magistrate Judge**