UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
WINDWARD BORA LLC,                                    Case No.: 1:20-cv-04748-BCM
                                        Plaintiff,

                        -AGAINST-

ROYSTON D. BROWNE; CONTANCE R. BROWNE
                                        Defendants.
-------------------------------------------------------------------------x


**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**


**THE MARGOLIN & WEINREB LAW GROUP, LLP**
Seth D. Weinberg, Esq.
*Counsel for Plaintiff*
165 Eileen Way, Suite 101
Syosset, New York 11791
P: 516-921-3838
E: seth@nyfclaw.com


Date of Service: July 26, 2022

## TABLE OF CONTENTS

Introduction ...........................................................................................................................1

Stament of Facts ....................................................................................................................2

   I.   The Loans Executed By The Defendants and Secured By The Property.........................2
   II.  The Actions Concerning The Loans...............................................................................3

Legal Standard For Motion For Summary Judgment.............................................................4

Argument................................................................................................................................5

   I.   Plaintiff Established Its Standing As Holder of The Endorsed Note ...............................5
      A.  Plaintiff Established Its Standing In This Action Prima Facie.....................................5
      B.  Defendants Fail To Raise A Triable Issue of Fact Concerning Plaintiff's Standing Or
          Establish That Plaintiff Lacked Standing ...................................................................7
   II.  Plaintiff Was Not Required to Obtain Leave of Court To Commence This Action ..........9
   III.  Rooker-Feldman, Res Judicata and Collateral Estoppel Are Irrelevant To Plaintiff's
      Claims...........................................................................................................................13
      A.  Rooker-Feldman ........................................................................................................13
      B.  Collateral Estoppel ....................................................................................................14
      C.  *Res Judicata*...............................................................................................................15
   IV.  Defendants Admitted To Defaulting Under The Terms of the Note and Plaintiff's Claims
      Are Not Time Barred.....................................................................................................15
   V.  Diversity Jurisdiction Exists ..........................................................................................17

Conclusion..............................................................................................................................18

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*21st Mortg. Corp. v. Ahmed,*
    173 A.D.3d 951, 105 N.Y.S.3d 467 (2d Dept. 2019) ........................................................12, 13

*Anderson v. Libelty Lobby, Inc.,*
    477 U.S. 242, 106 S. Ct. 2505 (1986) ........................................................................................4

*Avail Holding LLC v Ramos,*
    2019 US Dist LEXIS 208524 (E.D.N.Y. Dec. 3, 2019) ............................................................6

*Bayerische Landesbank, NY Branch v. Aladin Capital Management, LLC,*
    692 F.3d 42 (2d Cir. 2012) .......................................................................................................18

*Brown v. Eli Lilly & Co.,*
    654 F.3d 347 (2d Cir. 2011) .......................................................................................................5

*Buckley v. Deloitte & Touche USA, LLP,*
    888 F. Supp. 2d 404, 415 (S.D.N.Y. 2012) *affd*, 541 F. Appx 62 (2d Cir. 2013) ................5

*Burgos v. Hopkins,*
    14 F.3d 787 (2d Cir. 1994) .......................................................................................................15

*Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt,*
    701 F. Supp. 2d 340 (E.D.N.Y. 2010) .....................................................................................14

*Celotex Corp. v. Catrett,*
    477 U.S. 317, 106 S. Ct. 2548 (1986) ........................................................................................4

*Cenlar FSB v. Tenenbaum,*
    172 A.D.3d 806, 101 N.Y.S.3d 68 (2d Dept. 2019) ..................................................................6

*Central Trust Co. v. Dann,*
    85 N.Y.2d 767, 651 N.E.2d 1278 (1995) ................................................................................11

*Courchevel 1850 LLC v. Alam,*
    464 F. Supp. 3d 475 (E.D.N.Y. 2020) ....................................................................................8, 9

*D'Amico v. City of New York,*
    132 F.3d 145 (2d Cir. 1998) ....................................................................................................4, 5

*Deutsche Bank Nat. Trust Co. v. Logan,*
    146 A.D.3d 861, 45 N.Y.S.3d 189 (2d Dept. 2017) ..................................................................6

*Deutsche Bank Trust Co. Ams. v. Garrison*,
   147 A.D.3d 725, 46 N.Y.S.3d 185 (2d Dept. 2017) ....................................................6

*Dollar Dry Dock Bank v. Piping Rock Bldrs.*,
   181 A.D.2d 709, 581 N.Y.S.2d 361 (2d Dept. 1992) ...............................................10

*Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*,
   691 F.3d 134 (2d Cir. 2012) .......................................................................................4

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
   544 U.S. 280 (2005) .........................................................................................13, 14

*Fletcher v. Atex, Inc.*,
   68 F.3d 1451 (2d Cir. 1995) .....................................................................................14

*Freedom Mortg. Corp. v. Engel*,
   37 N.Y.3d 1, 169 N.E.3d 912 (2021) ......................................................................16

*Green Tree Servicing LLC v. Christodoulakis*,
   136 F. Supp. 3d 415 (E.D.N.Y. 2015) .......................................................................8

*Hoblock v. Albany Cnty. Bd. of Elecs.*,
   422 F.3d 77 (2d Cir. 2005) .......................................................................................14

*In re Hyman*,
   502 F.3d 61 (2d Cir. 2007) .......................................................................................14

*In re Pinnock*,
   833 F. App'x 498 (2d Cir. 2020) .............................................................................8, 9

*JPMorgan Chase Bank, N.A. v. Weinberger*,
   142 A.D.3d 643, 37 N.Y.S.3d 286 (2d Dept. 2016) ..................................................6

*JPMorgan Chase Bank, N.A. v. Roseman*,
   137 A.D.3d 1222, 29 N.Y.S.3d 380 (2d Dept. 2016) ................................................6

*Kesten v. Eastern Sav. Bank*,
   No. 07-cv- 2071, 2009 WL 303327 (E.D.N.Y. Feb. 9, 2009) ..................................15

*Lehman v. Roseanne Invs. Corp.*,
   106 A.D.2d 617, 483 N.Y.S.2d 106 (2d Dept. 1984) ....................................11, 12, 13

*Monahan v. N.Y. City Dep't of Corr.*,
   214 F.3d 275 (2d Cir. 2000) .....................................................................................15

*Mor v. Royal Caribbean Cruises Ltd.*, No. 12 Civ. 3845(JGK),
  2012 U.S. Dist. LEXIS 86290, 2012 WL 2333730 (S.D.N.Y. June 19, 2012)........................18

*Old Republic Nat. Title Ins. Co. v. Conlin*,
  129 A.D.3d 804, 13 N.Y.S.3d 99 (2d Dept. 2015)....................................................11

*Pike v. Freeman*,
  266 F.3d 78 (2d Cir. 2001) .......................................................................................15

*Rock Partners, LLC v. Kiselev*,
  2018 U.S. Dist. Lexis 24013, 2018 WL 888725 (D. Conn. February 14, 2018)......................18

*Sautter v. Frick*,
  229 A.D. 345, 242 N.Y.S. 369 (App. Div. 1930)
  *aff'd* 256 N.Y. 535, 177 N.E. 129 (1931) ........................................................11, 12

*U.S. Bank N.A. v. Sabharwal*,
  175 A.D.3d 1454, 109 N.Y.S.3d 191 (2d Dept. 2019)..................................................7

*U.S. Bank Nat'l Ass'n v. Scully*,
  203 A.D.3d 780, 164 N.Y.S.3d 629 (2d Dept. 2022)....................................................8

*U.S. Bank v. Stern*,
  189 A.D.3d 1313, 134 N.Y.S.3d 272 (2d Dept. 2020)............................................12, 13

*U.S. West Financial Services, Inc. v. Marine Midland Realty Credit Corp.*,
  810 F.Supp. 1393 (S.D.N.Y.1993) ...............................................................................10

*United States v. Whitney*,
  602 F.Supp. 722 (W.D.N.Y.1985)................................................................................10

*Valley Sav. Bank v. Rose*,
  228 A.D.2d 666, 646 N.Y.S.2d 349 (2d Dept. 1996)............................................10, 11

*Vossbrinck v. Accredited Home Lenders, Inc.*,
  773 F.3d 423 (2d Cir. 2014) .......................................................................................14

*Wells Fargo Bank, N.A. v. Irizarry*,
  142 A.D.3d 610, 36 N.Y.S.3d 689 (2d Dept. 2016)............................................12, 13

*West-Fair Elec. Contractors v. Aetna Cas. & Surety Co.*,
  78 F.3d 61 (2d Cir. 1996) ...........................................................................................4

*Wilmington Sav. Fund Soc'y, FSB v. Matamoro*,
  200 A.D.3d 79, 156 N.Y.S.3d 323 (2d Dept. 2021)....................................................8

*Wilmington Tr., Nat'l Ass'n as Tr. for Registered Holders of Wells Fargo Com. Mortg. Tr. 2015-NXS2, Com. Mortg. Pass-Through Certificates, Series 2015-NXS2 v. Winta Asset Mgmt. LLC,*
   No. 20-CV-5309 (JGK), 2022 WL 2657166 (S.D.N.Y. July 8, 2022)....................................8, 9

*Wis. Dep't of Corr. v. Schacht,*
   524 U.S. 381, 388, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998) ...................................17

*Wolde–Meskel v. Vocational Instruction Project Cmty. Servs., Inc.,*
   166 F.3d 59 (2d Cir. 1999) ...................................................................................18

**Statutes**

28 U.S.C. § 1332 ...................................................................................................17

Federal R. Civ. P. 56 ...........................................................................................1, 4

N.Y.C.P.L.R. § 213 ...............................................................................................16

N.Y.C.P.L.R. § 203 ...........................................................................................16, 17

N.Y.R.P.A.P.L. § 1301 .....................................................................................*passim*

N.Y.U.C.C. § 1-201 ..............................................................................................8, 9

N.Y.U.C.C. § 3-202..............................................................................................8, 9

## **INTRODUCTION**

This action seeks a monetary judgment against Defendants Royston D. Browne and Constance R. Browne for their default under the terms of the promissory note ("Plaintiff's Note" or the "Note") that is held by the Plaintiff. Plaintiff filed its complaint on June 19, 2020 (the "Complaint"). *See* ECF Dkt. No.: 1; *see also* Declaration of Seth D. Weinberg (the "Weinberg Decl.") **Exhibit A**. Defendants Royston D. Browne and Constance R. Browne ("Defendants") filed an Answer consisting of a defense, fourteen (14) affirmative defenses and two (2) counterclaims on August 24, 2020 (the "Answer"). *See* ECF Dkt. No.: 16; *see also* Weinberg Decl. **Exhibit B**. On May 24, 2022, Defendants filed their Motion for Summary Judgment. *See* ECF Dkt. No.: 68.[1,2]

Plaintiff respectfully submits this Memorandum of Law in Opposition To Defendants' Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 56.

This Court must deny Defendants' Motion for Summary Judgment in its entirety. Plaintiff established its standing to commence the instant action by affixing a copy of the Note endorsed in blank to the Complaint at commencement. Plaintiff is not barred from seeking a monetary judgment against Defendants pursuant to N.Y.R.P.A.P.L. ("RPAPL") § 1301(3) because Plaintiff's mortgage was foreclosed in the 2009 Foreclosure Action, which vacates its judgment of foreclosure and sale. Additionally, the completion of the 2009 Foreclosure Action only foreclosed Plaintiff's Mortgage interest, it has no effect on Plaintiff's right to seek repayment under the terms of the Note and the Rooker-Feldman, collateral estoppel and *res judicata* doctrines all fail to act

---

[1] This Court granted Plaintiff an extension of time until July 26, 2022 to file its Opposition to Defendant's Motion for Summary Judgment.
[2] On May 24, 2022, Plaintiff filed its own Motion for Summary Judgment in this action. *See* ECF Dkt. Nos.: 69 – 76.

as a bar to this litigation. Finally, Defendants admitted under oath to defaulting under the terms of the Note, this action is timely, and Plaintiff established itself as a diverse party.

Accordingly, the indisputable documentary evidence supplied by Plaintiff in opposition to Defendants' Motion for Summary Judgment conclusively establishes that Defendants are not entitled to summary judgment. Therefore, this Court must deny Defendants' Motion for Summary Judgment in its entirety.

## STATEMENT OF FACTS

### I.      The Loans Executed By The Defendants and Secured By The Property

On July 21, 2005, Defendants obtained a loan in the amount of $536,000.00 (the "Senior Loan") from First Estate Funding Corp ("First Estate"). On July 21, 2005, Defendants executed a note in the amount of $536,000.00 to memorialize the obligation in favor of First Estate (the "Senior Note").  To secure this indebtedness, the Defendants executed a mortgage (the "Senior Mortgage") bearing the same date in favor of First Estate Funding Corp and recorded in The Office of The City Register of the City of New York, Bronx County as CRFN 2005000518913. *See* Weinberg Decl., **Exhibit H**. Said lien encumbered the Property known as 1723 Taylor Avenue, Bronx, New York 10460 (the "Property") as a Senior Lien. *See id.*

Also on July 21, 2005, Defendants obtained a second loan in the amount of $105,000.00 from First Estate ("Plaintiff's Loan"). On July 21, 2005, Defendants executed a note in the amount of $105,000.00 to memorialize the obligation in favor of First Estate (the "Plaintiff's Note" or the "Note"). *See* Affidavit of Yonel Devico dated May 2, 2022 (the "May 2022 Devico Aff."), **Exhibit A**. To secure this indebtedness, the Defendants executed a mortgage (the "Plaintiff's Mortgage") bearing the same date in favor of First Estate Funding Corp and recorded in The Office of The City Register of the City of New York, Bronx County as

2005000518913. *See* Weinberg Decl., **Exhibit C**. Said lien encumbered the Property as a Lien subordinate to the Senior Lien. *See id.*

## II.     The Actions Concerning The Loans

On June 5, 2009, Aurora Loan Services, LLC, ("Aurora") as owner of Senior Mortgage commenced an action to foreclose in New York State Supreme Court, Bronx County entitled *Aurora Loan Services, LLC v. Browne, et. al.,* Bronx County Index No.: 381143/2009 (the "2009 Action"). Aurora named the record assignee of the Mortgage in the 2009 Action.

The named assignee of record of Plaintiff's Mortgage failed to answer in the 2009 Action and a default judgment was entered. In October of 2016, Gustavia Home LLC filed a motion seeking to intervene in the 2009 Action. This motion was denied by the Hon. Howard H. Sherman on the basis that it was not timely filed. *See* Weinberg Decl., **Exhibit I**.

On December 2, 2016, Gustavia Home, LLC commenced its own action seeking to foreclose Plaintiff's Mortgage in the United States District Court For The Southern District of New York entitled *Gustavia Home, LLC v. Browne, et al*, Case No.: 16-cv-9318 (the "2016 Action"). On May 2, 2017, Aurora obtained Judgment of Foreclosure and Sale in the 2009 Action. *See* Weinberg Decl., **Exhibit J**. On July 17, 2018, Gustavia Home LLC obtained a Judgment of Foreclosure and Sale in the 2016 Action. *See* Weinberg Decl., **Exhibit K**. Ultimately, on January 14, 2019, the Property was sold at public auction by a Court Appointed Referee pursuant to the Judgment of Foreclosure and Sale in the 2009 Action. *See* Weinberg Decl., **Exhibit L**.

With its Mortgage now foreclosed, on June 19, 2020, Plaintiff filed the instant action seeking a monetary judgment pursuant to Defendants' breach under the terms of Plaintiff's Note. *See* ECF Dkt. No.: 1. Defendants breached their obligations under the Plaintiff's Note by failing to pay the regular monthly payment which came due on July 1, 2014 (the "Event of Default" or the "Default") and all subsequent payments. *See* ECF Dkt. No.: 1, ¶ 16; May 2022 Devico

3

Aff. ¶ 7 and **Exhibit E**. Defendants also admitted to being in default under the terms of the Loan in their Answer and in their sworn deposition testimony. *See* ECF Dkt. No.: 16, ¶ 20; *see also* Weinberg Decl. **Exhibit D,** p. 5, l. 21 – 23 and **Exhibit E,** ¶. p. 13, l. 2 – 6.

## LEGAL STANDARD FOR MOTION FOR SUMMARY JUDGMENT

Fed. R. Civ. P. 56 provides that a court may grant summary judgment when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers or interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (internal quotation marks omitted). If the movant meets his burden of proof, then the burden shifts, requiring the opposing party to "offer some hard evidence showing that its version of the events is not wholly fanciful." *D'Amico v. City of New York,* 132 F.3d 145, 149 (2d Cir. 1998).

To defeat a motion for summary judgment, the non-movant must come forward with specific evidence showing that a genuine issue of material fact exists. *See West-Fair Elec. Contractors v. Aetna Cas. & Surety Co.,* 78 F.3d 61, 63 (2d Cir. 1996). A genuine issue of material fact exists only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Libelty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986); *see also Donnelly v. Greenburgh Cent. Sch. Dist. No. 7,* 691 F.3d 134, 141 (2d Cir. 2012).

In determining if a genuine dispute of material fact exists, "the court must resolve all ambiguities and draw all factual interferences in favor of the party against whom summary

4

judgment is sought." *Buckley v. Deloitte & Touche USA, LLP,* 888 F. Supp. 2d 404, 415 (S.D.N.Y. 2012) *affd*, 541 F. Appx 62 (2d Cir. 2013) (citation omitted). Moreover, mere conclusory allegations, speculation, or conjecture will not avail a party opposing summary judgment. *See D'Amico,* 132 F.3d at 149. As a result, "[w]here no rational finder of fact court finds in favor of the nonmoving party because the evidence to support its case is so slight, summary judgment must be granted." *Brown v. Eli Lilly & Co.,* 654 F.3d 347, 358 (2d Cir. 2011).

## ARGUMENT

## I.    Plaintiff Established Its Standing As Holder of The Endorsed Note

The Defendants incorrectly allege in their Motion For Summary Judgment that Plaintiff lacks standing in the instant foreclosure action. *See* ECF Dkt.: 68 - 4, § I. Specifically, Defendants argue unpersuasively that Plaintiff is not a holder of the endorsed Plaintiff's Note pursuant to N.Y.U.C.C. ("UCC") § 3-204(1). Defendants' argument alleges that Plaintiff misrepresented the endorsement status of the endorsed Plaintiff's Note because with his affidavit, Jared Dotoli of Gustavia Home LLC, provided the New York State Supreme Court with a copy of the endorsed Plaintiff's Note *and* also a copy of an allonge specifically endorsed to Gustavia Home LLC. However, Dotoli did not testify that this allonge was affixed to the Plaintiff's Note in any way. As such, the allonge is irrelevant to the endorsement and holder status of the Plaintiff's Note pursuant to the UCC. Therefore, this Court must deny Defendants' Motion for Summary Judgment.

### A.   *Plaintiff Established Its Standing In This Action Prima Facie*

Under New York law, a Plaintiff establishes its standing *prima facie* by affixing a copy of the note endorsed in blank to its complaint at commencement. *See Cenlar FSB v. Tenenbaum*, 172 A.D.3d 806, 806-7, 101 N.Y.S.3d 68, 69 (2d Dept. 2019) ("[T]he plaintiff demonstrated, *prima facie*, its standing to commence the action since the note, endorsed in blank, was attached as an

exhibit to the complaint. This alone is sufficient to establish standing since it demonstrated that the plaintiff was in physical possession of the note at the time the action was commenced." *See Avail Holding LLC v Ramos,* 2019 WL 6498170 (E.D.N.Y. Dec. 3, 2019); *see also JPMorgan Chase Bank, N.A. v. Roseman*, 132 A.D.3d 1222 (2d Dept. 2016) (Plaintiff has demonstrated standing by attaching a copy of the original note to the complaint) *and see Deutsche Bank Trust Co. Ams. v. Garrison*, 147 A.D.3d 725, 46 N.Y.S.3d 185 (2d Dept. 2017) ([T]he record demonstrates that a copy of the underlying note bearing an endorsement to the Bank was annexed to the complaint); *see also Deutsche Bank Nat. Trust Co. v. Logan*, 146 A.D.3d 861, 45 N.Y.S.3d 189 (2d Dept. 2017).

Furthermore, "[t]here is simply no requirement that an entity in possession of a negotiable instrument that has been endorsed in blank must establish how it came into possession of the instrument in order to be able to enforce it." *Deutsche Bank Natl. Trust Co. v. Logan,* 146 A.D.3d 861, 863, 45 N.Y.S.3d 189 (2d Dept. 2017); *see JPMorgan Chase Bank, N.A. v Weinberger,* 142 A.D.3d 643, 37 N.Y.S.3d 286 (2d Dept. 2016). When the endorsed note is affixed to the pleadings at commencement "it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date." *Logan, supra* at 863; *see Weinberger*, *supra*,

Thus, when a copy of the endorsed note is attached to the certificate of merit or the complaint at commencement, standing is established, *prima facie*, and the burden shifts to the defendant to raise a triable issue of fact though admissible evidence in order to defeat summary judgment. *See Chako*, *supra; see also U.S. Bank N.A. v. Sabharwal,* 175 A.D.3d 1454, 109 N.Y.S.3d 191 (2d Dept. 2019).

Here, a review of the Plaintiff's Note provides that it was endorsed in blank. *See* ECF Dkt. No.: 1 - 1; *see also* May 2022 Devico Aff., **Exhibit A**. Thus, Plaintiff established its physical

possession of the endorsed Note at commencement of this action on June 19, 2020 by affixing a copy of the endorsed Plaintiff's Note to its initial pleadings. *See* ECF Dkt. No.: 1. Accordingly, Plaintiff established its standing, *prima facie* and this Court must deny Defendants' Motion for Summary Judgment alleging Plaintiff lacked standing. Thus, Defendant's Motion For Summary Judgment must be denied.

      B.  *Defendants Fail To Raise A Triable Issue of Fact Concerning Plaintiff's Standing Or Establish That Plaintiff Lacked Standing*

Notwithstanding that Plaintiff established its standing *prima facie,* Defendants have neither raised a triable issue of fact concerning Plaintiff's standing nor established that Plaintiff did not have standing to maintain this action.

In support of their instant motion, Defendants provide this Court with a copy of the Affidavit of Jared Dotoli that was submitted by Gustavia Home LLC in the 2009 Action. *See* ECF Dkt. No.: 68 – 17. Defendants allege that the copies of the Plaintiff's Note submitted with the Affidavit of Jared Dotoli and the copy of endorsed Plaintiff's Note submitted in this action with the Compliant and the May 2022 Devico Aff. conflict. They do not. Therefore, Defendants' Motion for Summary Judgment must be denied.

Dismissal of a complaint for lack of standing is appropriate only when a defendant establishes the Plaintiff's *lack* of standing as a matter of law. *See U.S. Bank Nat'l Ass'n v. Scully,* 203 A.D.3d 780, 164 N.Y.S.3d 629 (2d Dept. 2022); *see also Wilmington Sav. Fund Soc'y, FSB v. Matamoro,* 200 A.D.3d 79, 156 N.Y.S.3d 323 (2d Dept. 2021).

A plaintiff has standing in a suit to enforce a promissory note action by demonstrating that it is the holder or assignee of the note. *See Green Tree Servicing LLC v. Christodoulakis,* 136 F. Supp. 3d 415, 427 (E.D.N.Y. 2015); *see also Courchevel 1850 LLC v. Alam,* 464 F. Supp. 3d 475, 480 (E.D.N.Y. 2020). A holder under the UCC is simply "the person in possession of a negotiable

instrument that is payable either by indorsement to bearer or indorsement to an identified person that is the person in possession." UCC § 1-201(b)(21). The transfer of a negotiable instrument with all necessary indorsements negotiates the instrument, thereby creating a new holder. *See* UCC § 3-202.

If indorsement is by allonge, the allonge must take the form of "a paper so firmly affixed [to the note] as to become a part thereof." UCC § 3-202(2); *see also In re Pinnock,* 833 F. App'x 498, 500 (2d Cir. 2020) (alonges are not effective under UCC § 3-202(2) if they are not firmly affixed to the note); *Alam, supra* (alonges are in compliance with UCC § 3-202(2), when they are stapled to the note and therefore firmly affixed. Loose alonges possess no legal effect.)*; Wilmington Tr., Nat'l Ass'n as Tr. for Registered Holders of Wells Fargo Com. Mortg. Tr. 2015-NXS2, Com. Mortg. Pass-Through Certificates, Series 2015-NXS2 v. Winta Asset Mgmt. LLC,* No. 20-CV-5309 (JGK), 2022 WL 2657166, at \*5 (S.D.N.Y. July 8, 2022) (to rely on alonges pursuant to UCC § 3-202(2) evidence must be provided to show the alonges are firmly affixed to the note).

Here, the Plaintiff's Note is endorsed in blank. *See* May 2022 Devico Aff., **Exhibit A**. The Note was originated in favor of First Estate Funding Corp. *See id.* The Plaintiff's Note was then specifically endorsed from First Estate Funding Corp. to Lehman Brothers Bank, FSB. *See id.* Lehman Brothers Bank, FSB then specifically endorsed the Plaintiff's Note to Lehman Brothers Holding, Inc. *See id.* Finally, Lehman Brothers Holding, Inc. endorsed the Plaintiff's Note to blank. *See id.* A copy of the endorsed Plaintiff's Note evidencing these endorsements was attached to the complaint at filing of this action. *See* ECF Dkt. No.: 1.

In the 2009 Action, Jared Dotoli, on behalf of Gustavia Home LLC, submitted a copy of the endorsed Plaintiff's Note *and* a copy of an allonge purportedly specifically endorsing the Plaintiff's Note from 20 Cap Fund I, LLC to Gustavia Home LLC. *See* ECF Dkt. No.: 68 - 17.

8

Dotoli testified in his Affidavit that "[a] copy of the note is annexed as Exhibit F." This was an accurate statement. A copy of the Plaintiff's Note was attached to his affidavit. *See id.* However, Dotoli made absolutely no statements concerning if the purported allonge that he also provided to the State court was affixed to the Plaintiff's Note in any way. *See id.*

Accordingly, Defendants have failed to establish that Plaintiff lacked standing in this action. While providing this Court with a purported allonge that was submitted by Plaintiff's predecessor-in-interest in the 2009 Action, Defendants have failed to even attempt to establish that this purported allonge was ever affixed to the Plaintiff's Note as required under the UCC to have any legal effect on the bearer status of the Plaintiff's Note. *See* UCC § 1-201(b)(21); UCC § 3-202(2); *In re Pinnock, supra*; *Alam, supra, Winta Asset Mgmt. LLC, supra.*.

Therefore, this Court must deny Defendant's Motion for Summary Judgment in its entirety because the purported allonge possesses no legal significance if Defendants cannot establish that it was affixed to the Plaintiff's Note.

## II.   Plaintiff Was Not Required to Obtain Leave of Court To Commence This Action

Defendants argue incorrectly that Plaintiff's action must be dismissed because Plaintiff purportedly failed to comply with RPAPL § 1301(3) by not seeking leave of court prior to commencing the instant action. *See* ECF Dkt. No.: 68 – 4, § II. This Court must deny Defendants' instant Motion for Summary Judgment because the equitable concerns militate against the mechanical application of RPAPL § 1301 in this case. Specifically, the Judgment of Foreclosure and Sale in the 2009 Action and the subsequent sale of the Property at Auction rendered Plaintiff's Judgment of Foreclosure and Sale in the 2016 Action void. As a result, RPAPL § 1301 is not applicable because there is no possibility of duplicative litigation because Plaintiff's sole remedy

concerning Defendants' default under the Plaintiff's Loan is now a suit for breach of the terms of Plaintiff's Note.

RPAPL § 1301(1) provides that when "final judgment for the plaintiff has been rendered in an action to recover any part of the mortgage debt, an action shall not be commenced or maintained to foreclose the mortgage, unless an execution against the property of the defendant has been issued upon the judgment to the sheriff and has been returned wholly or partly unsatisfied". *See Valley Sav. Bank v. Rose,* 228 A.D.2d 666, 646 N.Y.S.2d 349 (2d Dept. 1996). RPAPL § 1301(3) further provides that "[w]hile [a foreclosure] action is pending or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover *any part of the mortgage debt,* without leave of the court in which the former action was brought" (*emphasis adde*d). *See id.*

The purpose of RPAPL § 1301 "is to avoid multiple suits to recover the same mortgage debt and confine the proceedings to collect the mortgage debt to one court and one action." *Dollar Dry Dock Bank v. Piping Rock Bldrs.,* 181 A.D.2d 709, 710, 581 N.Y.S.2d 361 (2d Dept. 1992). Specifically, RPAPL § 1301 prevents a mortgagee of real property from seeking to enforce rights upon default by pursuing a legal remedy and an equitable remedy at the same time. *See U.S. West Financial Services, Inc. v. Marine Midland Realty Credit Corp.,* 810 F.Supp. 1393, 1402 (S.D.N.Y.1993); see also *United States v. Whitney,* 602 F.Supp. 722, 730 (W.D.N.Y.1985).

"The purpose of this statute is to protect the mortgagor 'from the expense and annoyance' of simultaneously defending against two independent actions to recover the same mortgage debt." *Old Republic Nat. Title Ins. Co. v. Conlin,* 129 A.D.3d 804, 805, 13 N.Y.S.3d 99 (2d Dept. 2015) *quoting Central Trust Co. v. Dann*, 85 N.Y.2d 767, 772, 651 N.E.2d 1278 (1995).

Generally, courts have determined that RPAPL § 1301 should be strictly construed since it is in derogation of a plaintiff's common-law right to pursue the alternate remedies of foreclosure and recovery of the mortgage debt at the same time. *See id.* However, courts have determined that "equitable concerns militate against a mechanical application" of RPAPL § 1301. *See Valley Sav. Bank, supra* 228 A.D.2d 666, 667, 646 N.Y.S.2d 349, 351 (holding that where a judgment from a prior action to collect on a mortgage becomes void there is no possibility of duplicative litigation based on the same mortgage debt and a subsequent foreclosure action should not be subject to RPAPL § 1301). A defendant is not entitled to dismissal pursuant to RPAPL § 1301(3) of a junior mortgagee's subsequent action seeking a monetary judgment on a note when the previously commenced foreclosure action is abandoned because the junior mortgagee's "status as a junior mortgagee made it improbable that foreclosure would satisfy the underlying debt." *Old Republic Nat. Title Ins. Co. v. Conlin,* 129 A.D.3d 804, 805, 13 N.Y.S.3d 99 (2d Dept. 2015). A junior mortgagee whose lien and right of redemption are legally cut off by a foreclosure judgment and sale under a senior mortgage cannot maintain a foreclosure action against the foreclosure purchaser and, whatever lien interest that they possessed has been transferred to the surplus moneys, if any, arising upon the sale. *See Sautter v. Frick,* 229 A.D. 345, 242 N.Y.S. 369 (App. Div. 1930) *aff'd* 256 N.Y. 535, 177 N.E. 129 (1931). Thus, where a lienholder's *in rem* interest is destroyed by reason of a foreclosure sale, its only remedy is to commence an action on the note. *See Lehman v. Roseanne Invs. Corp.,* 106 A.D.2d 617, 483 N.Y.S.2d 106 (2d Dept. 1984). As a result, any commenced foreclosure action becomes moot, there is no possibility of a double recovery, and there is no reason to require plaintiff to seek permission to institute a suit on the note pursuant to RPAPL § 1301(3). *Lehman, supra.*

Finally, courts have also held that any alleged "failure to comply with RPAPL § 1301(3) should ... [be] disregarded as a mere irregularity" where a defendant cannot establish prejudice as a result of the purported lack of compliance. *Wells Fargo Bank, N.A. v. Irizarry*, 142 A.D.3d 610, 611, 36 N.Y.S.3d 689 (2d Dept. 2016); *see U.S. Bank v. Stern*, 189 A.D.3d 1313, 134 N.Y.S.3d 272 (2d Dept. 2020); *21st Mortg. Corp. v. Ahmed,* 173 A.D.3d 951, 952, 105 N.Y.S.3d 467, 469 (2d Dept. 2019).

Here, on June 5, 2009, Aurora as owner of Senior Mortgage commenced the 2009 Action to foreclose the Senior Mortgage. Aurora named the record assignee of Plaintiff's Mortgage in the 2009 Action. On December 2, 2016, Gustavia Home, LLC commenced its own 2016 Action to foreclose Plaintiff's Mortgage. On May 2, 2017, Aurora obtained Judgment of Foreclosure and Sale in the 2009 Action. *See* Weinberg Decl. **Exhibit J**. On July 17, 2018, Gustavia Home LLC obtained a Judgment of Foreclosure and Sale in the 2016 Action. *See* Weinberg Decl., **Exhibit K**. Ultimately, on January 14, 2019 the Property was sold at public auction by a Court Appointed Referee pursuant to the Judgment of Foreclosure and Sale in the 2009 Action. *See* Weinberg Decl., **Exhibit L**. Accordingly, the Plaintiff's Mortgage lien and its right of redemption were cut off by the sale pursuant to the Judgment of Foreclosure and Sale in the Senior Mortgage 2009. *See Sautter, supra.*

On June 19, 2020, Plaintiff filed the instant action seeking a monetary judgment pursuant to Defendants' breach under the terms of Plaintiff's Note. *See* ECF Dkt. No.: 1. As a result of the foreclosure sale pursuant to the 2009 Action, the 2016 Action and the Judgment issued became moot, there was no possibility of a double recovery for Plaintiff under both Plaintiff's Note and Plaintiff's Mortgage, and there was no reason to require Plaintiff to seek permission to institute the instant suit on the note pursuant to RPAPL § 1301(3). *See Lehman, supra.*

12

Additionally, assuming RPAPL § 1303(1) is applicable, which it is not, seeking of leave pursuant to RPAPL § 1301(3) was also not required because a balance of equities of the parties is clearly in favor of the Plaintiff. Plaintiff's Mortgage interest in the Property has been foreclosed and Defendants should not be permitted to gain the inequitable windfall of a further delay of payment pursuant to their obligation under the Note. *See Irizarry*, *supra*; *Stern*, *supra*; *Ahmed*, *supra* .

### III.   Rooker-Feldman, *Res Judicata* and Collateral Estoppel Are Irrelevant To Plaintiff's Claims

Defendants argue incorrectly that somehow the doctrines of Rooker-Feldman, collateral estoppel and *res judicata* entitle them to summary judgment in the instant action. *See* ECF Dkt. No.: 68 - 4, § III. Defendants argue that Plaintiff is somehow trying to relitigate the Judgment of Foreclosure and Sale from the 2009 Action. *See id.* Defendants' argument is flawed, at best. The 2009 Judgment of Foreclosure and Sale from the 2009 Action, and the subsequent sale only foreclosed Plaintiff's *in rem* rights concerning the breach of the Mortgage. Here, Plaintiff is not challenging that judgment. Rather, Plaintiff is seeking a monetary judgment in law for Defendants' breach of their obligations under the terms of the Note.

#### A.   Rooker-Feldman

Under the *Rooker–Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 283–84 (2005). The doctrine is rooted in the principle that "appellate jurisdiction to reverse or modify a state-court judgment is lodged ... exclusively in [the Supreme] Court." *Id.* at 283. There are "four requirements for the application of *Rooker–Feldman*": (1) the federal-court plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by a state court judgment"; (3) the plaintiff "invite[s] ... review and rejection of that judgment"; and (4) the

state judgment was "rendered before the district court proceedings commenced." *Hoblock v. Albany Cnty. Bd. of Elecs.,* 422 F.3d 77, 85 (2d Cir. 2005); *see Vossbrinck v. Accredited Home Lenders, Inc.,* 773 F.3d 423, 426 (2d Cir. 2014).

Here, only the first and fourth elements of the *Rooker-Feldman* analysis are satisfied because the Plaintiff lost the 2009 Action in New York State Supreme Court and the Judgment of Foreclosure and Sale in the 2009 Action was entered before the commencement of the instant action. However, the second and third elements of the *Rooker-Feldman* analysis are *not* satisfied. Plaintiff is not complaining of any injury caused by the aforementioned state court judgment, nor is Plaintiff seeking any type of review or rejection of that judgment. Rather, Plaintiff is seeking a monetary judgment for Defendants' breach under the terms of the Plaintiff's Note. This relief is completely separate and apart from the judgment in the 2009 Action.

### B. Collateral Estoppel

Collateral estoppel bars re-litigation of an issue when (1) "the identical issue necessarily was decided in the prior action and is decisive of the present action"; and (2) "the party to be precluded from re-litigating the issue had a full and fair opportunity to litigate the issue in the prior action." *See Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt,* 701 F. Supp. 2d 340, 349-50 (E.D.N.Y. 2010); *see also In re Hyman,* 502 F.3d 61, 65 (2d Cir. 2007); *Fletcher v. Atex, Inc.,* 68 F.3d 1451, 1457 (2d Cir. 1995) (Finding that "the doctrine of collateral estoppel precludes a party from litigating in a subsequent action or proceeding on an issue clearly raised in a prior action or proceeding and decided against that party…whether or not the tribunals or causes of action are the same.")

Here, in the 2009 Action, the litigated issues concerned the foreclosure of the Senior Mortgage. Plaintiff is in no way seeking to re-litigate the Senior Mortgage foreclosure in this

Action. Rather, Plaintiff is seeking to obtain a monetary judgment pursuant to Defendants' default under the terms of the Note.

Therefore, the doctrine of collateral estoppel fails to bar Plaintiff's recovery and Defendants' Motion for Summary Judgment must be denied.

    *C.  Res Judicata*

To determine whether *res judicata* precludes subsequent litigation, a court must find that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [same parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001); *see also Monahan v. N.Y. City Dep't of Corr.,* 214 F.3d 275, 285 (2d Cir. 2000); *Kesten v. Eastern Sav. Bank,* No. 07-cv- 2071, 2009 WL 303327, \*3 (E.D.N.Y. Feb. 9, 2009) *citing Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir. 1994) (under New York's "transactional" approach to claim preclusion, a claim should have been brought if it arises "out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief").

Here, the first two elements of the analysis are satisfied, but the third element is not. Specifically, there was no way for Plaintiff's predecessor-in-interest to have raise a cause of action to collect for Defendants' breach of the Note in the 2009 Senior Foreclosure Action. Therefore, the doctrine of *res judicata* fails to bar Plaintiff's recovery and Defendants' Motion for Summary Judgment must be denied.

## IV.  Defendants Admitted To Defaulting Under The Terms of the Note and Plaintiff's Claims Are Not Time Barred

Defendants argue incorrectly that they are entitled to summary judgment because Plaintiff cannot establish Defendants' default under the terms of the Plaintiff's Note and because Plaintiff's

cause of action is barred by the statute of limitations. *See* ECF Dkt. No.: 68 - 4, § IV. Specifically, Defendants argue incorrectly that the action is time bared because Defendants' last payment before their default was in 2009, which was more than six (6) years prior to the commencement of this action. *See id*. Defendants' argument fails because it is completely contrary to New York law concerning mortgages, notes, loans and the statute of limitations.

A cause of action to recover the entire balance of a debt accrues at the time the loan is accelerated, triggering the six (6) years statute of limitations. *See* CPLR §§ 203(a) and 213(4); *see also Freedom Mortg. Corp. v. Engel,* 37 N.Y.3d 1, 169 N.E.3d 912 (2021). Prior to acceleration, upon a default on the obligation to timely make an installment payment, a cause of action accrues to recover each individual installment payment, triggering the six-year statute of limitations for an action to recover that specific payment, but a default alone does not trigger the statute of limitations for the entire debt. *See* CPLR § 213(4); *see also Engel, supra.* Noteholders must unequivocally and overtly exercise an election to accelerate the debt, since such a significant alteration of the borrower's obligations under the contract, replacing the right to make recurring payments of perhaps a few thousand dollars a month or less with a demand for immediate payment of a lump sum of hundreds of thousands of dollars, should not be presumed or inferred. *See Engel, supra.*

Here, Defendants admit in their answer that they defaulted under the terms of the Loan "on or about 2009, or sooner." ECF Dkt. No.: 16, ¶ 20. Defendants then admitted to their default under the terms of the Plaintiff's Note in their sworn deposition testimony. *See* Weinberg Decl. **Exhibit D,** p. 5, l. 21 – 23 and **Exhibit E, ¶**. p. 13, l. 2 – 6

Thus, under Defendants' own admissions the Loan has been in default since 2009. *See id.* Defendants do not even attempt to establish any alleged overt act taken by Plaintiff to accelerate this Loan prior to the commencement of the instant action. However, it is clear under New York

law that the Loan was accelerated by the commencement of the 2016 Action on December 2, 2016. *See* Weinberg Decl., **Exhibit K**. Thus, the statute of limitations to commence any action to collect under the Loan expires six (6) years thereafter on December 2, 2022. *See Engel, supra.*

Accordingly, by commencing the instant action on June 19, 2020, Plaintiff's instant action is timely because it was commenced prior to the expiration of the statute of limitations on December 2, 2022. Furthermore, Plaintiff is permitted to seek all defaulted payments and interest dating back to June 19, 2014 (six (6) years prior to the commencement of this action) because no individual installment breach that Plaintiff seeks to collect occurred more than six (6) years prior to the commencement of this action. Therefore, Plaintiff established Defendants' default through their sworn admissions and this action is timely pursuant to CPLR § 213(4). Defendant's motion for summary judgment must be denied.

**V.     Diversity Jurisdiction Exists**

Defendants argue incorrectly that they are entitled to summary judgment because this ] Court allegedly lacks subject matter jurisdiction. *See* ECF Dkt. No.: 68 - 4, § V. Specifically, Defendants incorrectly argue that subject matter jurisdiction is lacking because Plaintiff is not a diverse party because its sole member allegedly resides in New York State. *See id*. This argument fails because Plaintiff provides this Court with the documentary evidence to establish Plaintiff's sole member's residence in Florida at the time this action was commenced.

Diversity jurisdiction under 28 U.S.C. § 1332 is proper "only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State." *Wis. Dep't of Corr. v. Schacht,* 524 U.S. 381, 388, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998). Diversity is measured as of the time the action is brought, and thus a post-filing change of citizenship does not destroy diversity jurisdiction. *See Wolde–Meskel v. Vocational Instruction*

*Project Cmty. Servs., Inc.,* 166 F.3d 59, 62 (2d Cir. 1999). The citizenship of a limited liability company for diversity purposes is based on the citizenship of its members. *See Bayerische Landesbank, NY Branch v. Aladin Capital Management, LLC,* 692 F.3d 42 (2d Cir. 2012).

As set forth in the sworn Affidaivt of Yonel Devico dated April 22, 2021 (the "April 2021 Devico Aff.), the following is evidenced: Devico is the sole Member of Windward Bora LLC. *See* April 2021 Devico Aff., **Exhibit A**. Yonel Devico is a citizen of the Kingdom of Morocco. *See id.*, **Exhibit B**. Devico is a lawfully admitted resident in the United States and is domiciled in the State of Florida. *See id.* As such, for diversity purposes, Windward Bora LLC is a citizen of the Kingdom of Morocco. *See Rock Partners, LLC v. Kiselev,* 2018 U.S. Dist. Lexis 24013, 2018 WL 888725 (D. Conn. February 14, 2018); *see also Mor v. Royal Caribbean Cruises Ltd.,* No. 12 Civ. 3845(JGK), 2012 U.S. Dist. LEXIS 86290, 2012 WL 2333730, at * 1 (S.D.N.Y. June 19, 2012). Furthermore, at the time this action was commenced on June 19, 2020, Yonel Devico lived in Miami Beach, Florida. *See* April 2021 Devico Aff., **Exhibit B**.

Therefore, Plaintiff established its diversity and this Court should deny Defendants' Motion for Summary Judgment.

## CONCLUSION

Defendants have failed to establish entitlement to summary judgment. Therefore, this Court must deny Defendants' instant motion in its entirety.

Dated: July 25, 2022
  Syosset, New York

        */s/ Seth D. Weinberg*
        Seth D. Weinberg, Esq.