UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
WINDWARD BORA, LLC,                          :   Case No.: 1:20-cv-04748-JPO
                                             :
                     Plaintiff,              :
                                             :
          -against-                          :
                                             :
ROYSTON D. BROWNE, CONSTANCE                 :
R. BROWNE,                                   :
                                             :
                     Defendants.             :
--------------------------------------------------------x


# MEMORANDUM OF LAW IN REPLY TO THE PLAINTIFF'S OPPOSITION TO THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT


Dated: August 24, 2022                    Joseph A. Altman, Esq. (JAA 4290)
                                          JOSEPH A. ALTMAN, P.C.
                                          Attorneys for Defendants
                                          654 North Terrace Avenue
                                          Fleetwood, New York, 10552
                                          (718) DA8-0422

The Defendants hereby submit the following Memorandum of Law in reply to the Plaintiff's opposition papers, and in further support of the Defendants' Motion for Summary Judgment.

## Preliminary Statement

In the Plaintiff's opposition papers, the Plaintiff has conceded that the action must be dismissed. The Plaintiff admitted that Gustavia Home LLC did not indorse the promissory note to the Plaintiff. See Plaintiff's Counter-Statement of Material Facts, Dkt. # 82, ¶¶ 1, 2, and 6. Therefore, the Plaintiff lacks standing.

By arguing that the allonge with a special indorsement to Gustavia Home LLC was not "firmly affixed" to the promissory note, the Plaintiff admits that it failed to comply with the Court's discovery order (Dkt. # 37, 38, and 39), and with the federal rules of discovery. The Plaintiff did not provide the allonge for inspection, when the original promissory note was sent by the Plaintiff for inspection.

Furthermore, Plaintiff apparently concedes that it is liable for spoliation of evidence, for the removal of the allonge, and/or for not producing it, when ordered. The Plaintiff must be sanctioned.

The Plaintiff has also not refuted the Defendants' other meritorious arguments, as will be set forth below.

## Argument(s)

I. **The Plaintiff's Frivolous Argument About the Allonge Shows that the Action Must be Dismissed, and the Plaintiff Must be Sanctioned, For Its Willful Defiance of a Court Order, for its Lack of Compliance with Discovery, and/or for Spoliation of Evidence**

To support a dismissal based on lack of standing, the Defendants submitted the subject promissory note, with the allonge containing a special indorsement to Gustavia Home LLC. See Dkt. # 68-17. The Defendants also submitted an affidavit from Jared Dotoli, a managing member of Gustavia Home LLC, who swore under the penalty of perjury that he "personally examined the Records" and set forth, "Gustavia Home LLC came into possession of the mortgages and Note on or around February 8, 2016 [sic] *A copy of the note is annexed as Exhibit F.*" See Dkt. # 68-17 ¶¶ 6-7 (emphasis added).

Gustavia Home LLC is therefore the holder of the promissory note, due to the special indorsement to it. See New York U.C.C. §§ 3-204(1) and 3-202(1). Surprisingly, the Plaintiff devoted only a few short sentences to this crucial issue, where, shockingly, the Plaintiff argued that "Dotoli did not testify that this allonge was affixed to the Plaintiff's Note in any way." This argument fails, for many reasons.

First, the argument is factually incorrect. Mr. Dotoli annexed the promissory note with allonge to his Affidavit and swore that "A copy of the note is annexed."

The only interpretation of this sentence is that the allonge was affixed to the promissory note. In fact, the allonge sets forth, "This Allonge is a permanent part of the Note."

Second, in the 2016 federal court action, Gustavia Home LLC alleged that the Allonge *was* firmly annexed to the promissory note, thereby fatally undermining the Plaintiff's argument. See Exhibit "A" ¶ 16.

Rafi Hasbani, Esq., who represented Gustavia Home LLC in the federal action in 2016, had first-hand knowledge that the note contained an allonge. After receiving the promissory note in his office on May 26, 2021, Mr. Hasbani failed to inform the Defendants, or the court, that the allonge was missing. Instead, he claimed that his firm "in no way, shape, or form altered the wet-ink note provided by Plaintiff." See Dkt. #85 ¶ 16. Mr. Hasbani did not deny that the note was tampered with, and did not explain why he never informed the Defendants' attorney or the court about the missing allonge.

Though the allonge filed in the 2016 federal action contained an indorsement in blank, Gustavia Home LLC thereafter converted the blank indorsement to a special indorsement, pursuant to New York U.C.C. §§ 3-204(3) ("The holder may convert a blank indorsement into a special indorsement by writing over the signature of the indorser in blank any contract consistent with the character of the indorsement"). See also New York U.C.C. §§ 3-204(2) ("An instrument payable to

3

order and indorsed in blank becomes payable to bearer and may be negotiated by delivery alone *until specially indorsed* ") (emphasis added).

Here, Gustavia Home LLC converted the blank indorsement into a special indorsement, by writing Gustavia Home LLC on the Allonge. See Dkt. # 68-17. When this occurred, Gustavia Home LLC could only assign the promissory note via a written indorsement. Gustavia Home LLC did not indorse the note to Windward Bora LLC, as admitted by the Plaintiff.

Third, the Plaintiff's argument fails because the Plaintiff has not submitted any evidence to raise a question of fact about whether the allonge was not affixed to the promissory note. The burden to establish standing falls squarely on the Plaintiff, who failed to refute that there was an allonge to the note. See Wells Fargo Bank, NA v. Ali, 122 A.D.3d 726, 995 N.Y.S.2d 735 (2d Dept. 2014).

Finally, the Plaintiff's argument fails because "Gustavia Home LLC is a single member limited liability company, whose sole member is Yonel Devico." See Plaintiff's Counter-Statement of Material Facts, Dkt. # 82, ¶ 4. Parenthetically, Mr. Devico admitted to lying when he claimed to lack knowledge of an entity called Gustavia Home LLC. See Plaintiff's Counter-Statement of Material Facts, Dkt. # 82, ¶ 5.

As sole member of Gustavia Home LLC, and as sole member of Windward Bora LLC, Mr. Devico had actual knowledge of the allonge. He and/or the Plaintiff

4

was required to send the allonge for inspection, when the Court ordered it to send the original promissory note for inspection. See Dkt. # 37, 38, and 39. Instead, Mr. Devico removed the allonge and lied about its existence. The Plaintiff, therefore, willfully defied the court order to produce the original promissory note, which contained an allonge, and further violated the rules of discovery.

The Plaintiff is also liable for spoliation of evidence. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. It has long been the rule that spoliators should not benefit from their wrongdoing, as illustrated by that favourite maxim of the law, *omnia presumuntur contra spoliatorem*." West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999) (citations omitted). Mr. Devico had a duty to preserve the note with allonge, as it existed. The note with allonge is relevant to the Plaintiff's claim that the allonge was not firmly affixed to the note. Instead, Mr. Devico knowingly and willfully destroyed the evidence.

For the above reasons, not only must this action be dismissed, but sanctions are appropriate.

## II.     **The Plaintiff has Not Refuted Its Lack of Standing**

The Plaintiff argues that it demonstrated standing, by annexing a copy of the note to the Complaint. Windward Bora LLC's purported physical possession of a

5

note, with a special indorsement to Gustavia Home LLC, is insufficient to confer

standing. See Wilmington Sav. v. Matamoro, 200 A.D.3d 79 (2d Dept. 2021) ("the

plaintiff's mere physical possession of the note payable to nonparty Fieldstone is

insufficient to confer standing"). Therefore, the action must be dismissed.

III.    **The Plaintiff Has Not Refuted the Application of RPAPL § 1301**

The Plaintiff argues that RPAPL § 1301 is not applicable. The case law cited

by the Plaintiff does not support the Plaintiff's position. In Old Republic National

Title Insurance Company v. Conlin, 129 A.D.3d 804 (2d Dept. 2015), the junior

lienholder's "effective abandonment of" its first action "is a 'de facto

discontinuance,'" which allowed it to pursue a potential second action. Here,

Gustavia Home LLC did *not* abandon its 2016 federal action, and obtained a

default judgment. See Exhibit "B."

In Valley Sav. Bank v. Rose, 228 A.D.2d 666 (2d Dept. 1996), the court

highlighted that the Plaintiff was named as a defendant in New Jersey, and "was

thus obliged to raise its claims therein in accordance with the "entire controversy"

doctrine of New Jersey common law." Id. at 667. Thus, the court allowed a New

York action, because "under the unique circumstances of this case, the Bank's

failure to comply with RPAPL 1301(1) does not mandate dismissal." Id.

The Plaintiff has further misrepresented the holding in Wells Fargo Bank,

NA v. Irizarry, 142 A.D. 3d 610 (2d Dept. 2016). That case does not stand for the

6

proposition that a Plaintiff's failure to comply with RPAPL § 1301(3) should be disregarded when there is no prejudice to the borrower. In that case, the Plaintiff commenced a second action while a motion to discontinue was pending in the first action. By the time that the borrower filed a Motion to Dismiss in the second action, the first action had already been discontinued. Therefore, "Under the unique circumstances of this case," the court did not dismiss the second action. Id. at 611. Here, in contrast, Gustavia Home LLC chose to commence a foreclosure action, from which it was awarded a Judgment of Foreclosure and Sale.

Additionally, Windward Bora LLC does not refute that it failed to inform this court about the 2009 and 2016 actions, as required by RPAPL § 1301(2).

Equity does not support the Plaintiff, due to the Plaintiff's serious misconduct. The Defendants have been the subject of vexatious litigation at the hands of the Plaintiff's sole member, Mr. Devico. The harassment must end.

Hence, the Plaintiff has not refuted that the action must be dismissed. See Bayview Loan Servicing, LLC v. Starr-Klein, 193 A.D.3d 807 (2d Dept. 2021) ("Here, since the plaintiff commenced the instant action without leave of the court in which the prior action was brought, and there is no basis in the record to determine that JPMorgan discontinued or effectively abandoned the prior action, *dismissal is warranted under RPAPL 1301(3)*") (emphasis added).

IV.   **The Plaintiff Ignored the Fact that Gustavia Home LLC's Predecessor-In-Interest was Named as a Defendant in the 2009 State Court Action**

MERS, a predecessor-in-interest to Gustavia Home LLC, was named as a defendant in the 2009 state court action. The Plaintiff omitted this crucial point from its Memorandum in Opposition. Therefore, the entire debt was accelerated, via the commencement of the 2009 action, wherein the senior lienholder accelerated the debt, and named MERS as a defendant. As such, the statute of limitations began to run in 2009.

As well, the Plaintiff has still failed to submit any of evidence to support its claim that the Statute of Limitations began to run on July 1, 2014, a date which Mr. Devico admitted to fabricating. See Dkt. # 68-11. The Plaintiff has also not addressed the fact that its purported records are inadmissible

Additionally, as a junior lienholder named as a defendant by the senior lienholder, MERS/Gustavia Home LLC's interest was extinguished. Consequently, this Court lacks subject matter jurisdiction, pursuant to the Rooker-Feldman doctrine, as the Plaintiff seeks to reverse the state court decision, and to revive its extinguished debt.

## V.     **The Plaintiff has Failed to Show that Its Sole Member Resides in Florida**

The Plaintiff did not submit a new declaration from Mr. Devico, detailing

where he resides. Instead, the Plaintiff simply re-submitted the previous

declaration of Mr. Devico. To date, the Plaintiff has failed to submit a personal

address for Mr. Devico. The Plaintiff has not submitted a lease for Mr. Devico.

The only "proof" that the Mr. Devico resides in Florida is Mr. Devico's own

words, which amount to very little, given the fabrications he has made throughout

these proceedings. Contrary to what the Plaintiff claims, there is no proof on the

record as to Mr. Devico's residence. There is proof, however, that Mr. Devico

resides in New York. See Dkt. # 68-27.

Therefore, the Plaintiff has not refuted the lack of subject matter jurisdiction,

which serves as an additional basis to dismiss this Complaint, and to award a

judgment to the Defendants on their counterclaim.

## **Conclusion**

For all of the aforementioned reasons, the Defendants' Motion must be

granted, thereby dismissing the action, sanctioning the Plaintiff, and awarding a

judgment to the Defendants on their counterclaim, along with such other and

further relief as this Court deems just and proper.

9

Dated:  Westchester, New York
       August 24, 2022

                                 s/ *Joseph A. Altman*
                                 Joseph A. Altman, Esq.  (JAA 4290)
                                 JOSEPH A. ALTMAN, P.C.
                                 Attorney for Defendants
                                 654 North Terrace Avenue
                                 Fleetwood, New York, 10552
                                 Telephone:  (718) 328-0422
                                 Email:        altmanesq@aol.com

STATE OF NEW YORK, COUNTY OF                                                    SS:

I, the undersigned, an attorney admitted to practice in the courts of New York State,

_____**certification**   certify that the within

**by Attorney**   has been compared by me with the original and found to be a true and complete copy.

_____**Attorney's**   state that I am

**affirmation**   the attorney(s) of record for                                    in the within

action;   I have read the foregoing                                 and know the contents thereof; the same

is true to my knowledge, except as to the matters therein

alleged to be on information and belief; and as to those matters I believe it to be true.

The reason this verification is made by me and not by

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

I affirm that the foregoing statements are true, under the penalties of perjury.

                                                                              _____

                                                                              The name signed must be printed beneath

DATED:

STATE OF NEW YORK, COUNTY OF                                                    SS:

I, the undersigned, being duly sworn, depose and say:

_**individual**   in the action; I have read the foregoing

**verification**                                 and know the contents thereof; the same is true to my own

knowledge, except as to the matters therein stated to be alleged on information and belief,

and as to those matters I believe it to be true.

_____**corporation**   the                                    of

**verification**   a                                 corporation and a party in the within action; I have

read the foregoing                                 and know the contents thereof; the same is true to my

knowledge, except as to the matters therein stated to be alleged upon information and belief; and as to those matters I

believe it to be true. This verification is made by me because the above party is a corporation and I am an officer thereof.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Sworn to before me on the     day of            , 2022

                                                      _____

                                                      The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF WESTCHESTER ss:          ( if more than one box is checked - indicate after names type of

service used)

I, the undersigned, being sworn, say:  I am not a party to the action, am over 18 years of age and reside at

The undersigned Attorney and Counselor-at-law, duly admitted to practice law  in the Courts of the State of New York, affirms,

under the penalty of perjury that:

On  8/_25_/22      I served the within  **MEMORANDUM OF LAW IN REPLY TO THE PLAINTIFF'S OPPOSITION TO**

**THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

_____**service**       by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and

**by mail**       custody of the U.S. Postal Service within the New York State addressed to

_____**Personal**       by delivering a true copy of each personally to each person named below at the address indicated.  I know

**service on**       each person served to be the person mentioned and described in said papers *as a party therein.*

**an individual**

_X_**Service by**       by transmitting a copy to the following persons by ___ FAX at the telephone number set forth after each name below

**electronic**       _____E-Mail address set forth after each name below, which was designated by the attorney for such purpose,

**means**       and by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive

       care and custody of the U.S. Postal Service within the New York State  to the address set forth after each name.

_____**Overnight**       by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after

**Delivery**       each name below.

**Service    VIA ECF**

       Seth Daniel Weinberg, Esq.

       The Margolin & Weinreb Law Group, LLP

       165 Eileen Way ,Ste 101

       Syosset, NY 10123

                                                      _____

                                                      **Joseph A. Altman Esq.**

Affirm on the

 25 day of  AUGUST  2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

WINDWARD BORA, LLC,                                    Case No.: 1:20-cv-04748-JPO

Plaintiff,

-against-

ROYSTON D. BROWNE, CONSTANCE R. BROWNE,
Defendants.

-----------------------------------------------------------------------x

**MEMORANDUM OF LAW IN REPLY TO THE PLAINTIFF'S OPPOSITION TO THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,**

Joseph A. Altman, P.C.
Attorney(s) for
Defendants
654 North Terrace Avenue
Fleetwood, New York 10552
718-328-0422

Service of a copy of the within
is hereby admitted.

TO:

Dated:

Attorney(s) for

PLEASE TAKE NOTICE:

| NOTICE OF ENTRY | NOTICE OF SETTLEMENT |
|---|---|
| that the within is a (certified) true copy of a which the within | that an order of |
| duly entered in the office of the clerk of the presented to the | is a true copy will be |
| within named court on judges of the | Hon. one of the |
| | within named Court, at |
| | on at M. |
| Dated: | Dated: |
| Yours, etc. | Yours, etc. |
| Attorney for | Attorney for |
| Joseph A. Altman, P.C. | Joseph A. Altman, P.C. |
| 654 North Terrace Avenue | 654 North Terrace Avenue |
| Mount Vernon, New York 10552 | Mount Vernon, New York 10552 |

ATTORNEY'S CERTIFICATION

JOSEPH A. ALTMAN, ESQ. , an attorney duly admitted to the Courts of the state of New York, hereby certifies that the annexed **MEMORANDUM OF LAW IN REPLY TO THE PLAINTIFF'S OPPOSITION TO THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** is to the best of my knowledge and upon information and belief, formed after an inquiry reasonable under the circumstances, that the presentation of said papers or contentions therein are not frivolous as defined in subsection (c) of section 130-1.1 of 22 NYCRR.