UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
WINDWARD BORA LLC,                                                      Case No.: 1:20-cv-04748-BCM
                                    Plaintiff,

        -AGAINST-

ROYSTON D. BROWNE; CONTANCE R. BROWNE
                                    Defendants.
------------------------------------------------------------------------x


# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56


**THE MARGOLIN & WEINREB LAW GROUP, LLP**
Seth D. Weinberg, Esq.
*Counsel for Plaintiff*
165 Eileen Way, Suite 101
Syosset, New York 11791
P: 516-921-3838
E: seth@nyfclaw.com


Date of Service: August 25, 2022

**TABLE OF CONTENTS**

Introduction ........................................................................................................................................1

Statement of Facts ............................................................................................................................2
    I.    The Loans Executed By The Defendants and Secured By The Property ...........................2
    II.   The Actions Concerning The Loans ...................................................................................3

Legal Standard To Defeat A Motion For Summary Judgment ........................................................4

Argument ..........................................................................................................................................4
    I.    Defendants Waived All Affirmative Defenses Asserted In Their Answer That They Failed To Argue In Opposition to Plaintiff's Motion For Summary Judgment ..................4
    II.   Plaintiff Established Its Standing As Holder of The Endorsed Note ...................................5
    III.  Plaintiff Was Not Required to Obtain Leave of Court To Commence This Action ...........6
    IV.  Rooker-Feldman, *Res Judicata* and Collateral Estoppel Are Irrelevant To Plaintiff's Claims ..................................................................................................................................7
    V.   Defendants Admitted To Defaulting Under The Terms of the Note and Plaintiff's Claims Are Not Time Barred ...............................................................................................7
    VI.  Diversity Jurisdiction Exists ................................................................................................8
    VII. Compliance With RPAPL § 1304 Is Not Required Because This is Not A Foreclosure Action ...................................................................................................................................8
    VIII. Defendants' Counterclaim for Attorney's Fees Should Be Dismissed ...............................9

Conclusion ........................................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Libelty Lobby, Inc.,*
   477 U.S. 242, 106 S. Ct. 2505 (1986) ...............................................................................4

*ARCPE Holding, LLC v. 9Q4U5E LLC,*
   No. 19CV6417DLIRER, 2021 WL 8316275 (E.D.N.Y. Aug. 11, 2021) ..................................8

*Brown v. Eli Lilly & Co.,*
   654 F.3d 347 (2d Cir. 2011) ...............................................................................................4

*Buckley v. Deloitte & Touche USA, LLP,*
   888 F. Supp. 2d 404 (S.D.N.Y. 2012) *affd*, 541 F. Appx 62 (2d Cir. 2013) .........................4

*Crotona 1967 Corp. v. Vidu Bros. Corp.,*
   925 F. Supp. 2d 298 (E.D.N.Y. 2013) .................................................................................5

*Donnel1y v. Greenburgh Cent. Sch. Dist. No. 7,*
   691 F.3d 134 (2d Cir. 2012) ...............................................................................................4

*Gustavia Home, LLC v. Vaz,*
   824 F. App'x 83 (2d Cir. 2020) ..........................................................................................8

*In re Modikhan,* No.
   1-19-46591-JMM, 2021 WL 5312396 (Bankr. E.D.N.Y. Nov. 15, 2021) .............................6

*Jackson v. Fed. Exp.,*
   766 F.3d 189 (2d Cir. 2014) ...............................................................................................4

*M&T Bank v. Benjamin,*
   145 A.D.3d 1519, 44 N.Y.S.3d 301 (4th Dept. 2016) ..........................................................8

*RL 900 Park, LLC v. Ender,*
   No. 1:18-cv-12121 (MKV), 2021 WL 738705 (S.D.N.Y. Feb. 25, 2021) ...........................5

*West-Fair Elec. Contractors v. Aetna Cas. & Surety Co.,*
   78 F.3d 61, 63 (2d Cir. 1996) .............................................................................................4

**Statutes**

Fed. R. Civ. P. 56 ......................................................................................................................1

N.Y.R.P.A.P.L. § 1301(1) .....................................................................................................1, 6

N.Y.R.P.A.P.L. § 1304 ................................................................................................... 2, 8, 9

N.Y.U.C.C. § 3-204(1) ..............................................................................................................5

N.Y.U.C.C. § 3-207 ............................................................................................................................. 6

**INTRODUCTION**

This action seeks a monetary judgment against Defendants Royston D. Browne and Constance R. Browne for their default under the terms of the promissory note ("Plaintiff's Note" or the "Note") that is held by the Plaintiff. Plaintiff filed its complaint on June 19, 2020 (the "Complaint"). *See* ECF Dkt. No.: 1; *see also* ECF Dkt. No.: 71 - 1. Defendants Royston D. Browne and Constance R. Browne ("Defendants") filed an Answer consisting of a defense, fourteen (14) affirmative defenses and two (2) counterclaims on August 24, 2020 (the "Answer"). *See* ECF Dkt. No.: 16. On May 24, 2022, Plaintiff filed its Motion for Summary Judgment. *See* ECF Dkt. Nos.: 69 - 76.[1,2] On July 26, Defendants filed their opposition to Plaintiff's Motion for Summary Judgment. *See* ECF Dkt. Nos.: 79 – 81.

Plaintiff respectfully submits this Reply Memorandum of Law in Further Support of Its Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 56.

This Court must grant Plaintiff's Motion for Summary Judgment in its entirety. Plaintiff established its standing to commence the instant action by affixing a copy of the Note endorsed in blank to the Complaint at commencement. Plaintiff is not barred from seeking a monetary judgment against Defendants pursuant to N.Y.R.P.A.P.L. ("RPAPL") § 1301(3) because Plaintiff's mortgage was foreclosed in the 2009 Foreclosure Action, which vacates its judgment of foreclosure and sale. Additionally, the completion of the 2009 Foreclosure Action only foreclosed Plaintiff's Mortgage interest, it has no effect on Plaintiff's right to seek repayment under the terms

---

[1] This Court granted Plaintiff an extension of time until July 26, 2022 to file its Opposition to Defendant's Motion for Summary Judgment.
[2] On May 24, 2022, Defendant also filed its own Motion for Summary Judgment in this action. *See* ECF Dkt. No.: 68. On July 26, 2022, Plaintiff filed its Opposition to Defendant's Motion for Summary Judgment. *See* ECF Dkt. Nos.: 82 – 86.

1

of the Note and the Rooker-Feldman, collateral estoppel and *res judicata* doctrines all fail to act as a bar to this litigation. Furthermore, Defendants admitted under oath to defaulting under the terms of the Note, this action is timely, and Plaintiff established itself as a diverse party. Finally, the notice requirements of RPAPL § 1304 are not applicable to this action because it is not a foreclosure action, nor does it involve a "home loan."

Accordingly, Plaintiff established its *prima facie* entitlement to judgment and Defendants have failed to raise a triable issue of fact warranting trial. Therefore, this Court should grant Plaintiff's Motion for Summary Judgment in its entirety.

## STATEMENT OF FACTS

### I.   The Loans Executed By The Defendants and Secured By The Property

On July 21, 2005, Defendants obtained a loan in the amount of $536,000.00 (the "Senior Loan") from First Estate Funding Corp ("First Estate"). On July 21, 2005, Defendants executed a note in the amount of $536,000.00 to memorialize the obligation in favor of First Estate (the "Senior Note"). To secure this indebtedness, the Defendants executed a mortgage (the "Senior Mortgage") bearing the same date in favor of First Estate Funding Corp and recorded in The Office of The City Register of the City of New York, Bronx County as CRFN 2005000518913. *See* ECF Dkt. No.: 83 – 8. Said lien encumbered the Property known as 1723 Taylor Avenue, Bronx, New York 10460 (the "Property") as a Senior Lien. *See id.*

Also on July 21, 2005, Defendants obtained a second loan in the amount of $105,000.00 from First Estate ("Plaintiff's Loan"). On July 21, 2005, Defendants executed a note in the amount of $105,000.00 to memorialize the obligation in favor of First Estate (the "Plaintiff's Note" or the "Note"). *See* ECF Dkt. No.: 73 - 1. To secure this indebtedness, the Defendants executed a mortgage (the "Plaintiff's Mortgage") bearing the same date in favor of First Estate Funding Corp and recorded in The Office of The City Register of the City of New York, Bronx

County as 2005000518913. *See* ECF Dkt. No.: 83 - 3. Said lien encumbered the Property as a Lien subordinate to the Senior Lien. *See id.*

## II.  The Actions Concerning The Loans

On June 5, 2009, Aurora Loan Services, LLC, ("Aurora") as owner of Senior Mortgage commenced an action to foreclose in New York State Supreme Court, Bronx County entitled *Aurora Loan Services, LLC v. Browne, et. al.,* Bronx County Index No.: 381143/2009 (the "2009 Action"). Aurora named the record assignee of the Mortgage in the 2009 Action.

The named assignee of record of Plaintiff's Mortgage failed to answer in the 2009 Action and a default judgment was entered. In October of 2016, Gustavia Home LLC filed a motion seeking to intervene in the 2009 Action. This motion was denied by the Hon. Howard H. Sherman on the basis that it was not timely filed. *See* ECF Dkt. No.: 83 - 9.

On December 2, 2016, Gustavia Home, LLC commenced its own action seeking to foreclose Plaintiff's Mortgage in the United States District Court For The Southern District of New York entitled *Gustavia Home, LLC v. Browne, et al*, Case No.: 16-cv-9318 (the "2016 Action"). On May 2, 2017, Aurora obtained Judgment of Foreclosure and Sale in the 2009 Action. *See* ECF Dkt. No.: 83 - 10. On July 17, 2018, Gustavia Home LLC obtained a Judgment of Foreclosure and Sale in the 2016 Action. *See* ECF Dkt. No.: 83 - 11. Ultimately, on January 14, 2019, the Property was sold at public auction by a Court Appointed Referee pursuant to the Judgment of Foreclosure and Sale in the 2009 Action. *See* ECF Dkt. No.: 83 - 12.

With its Mortgage now foreclosed, on June 19, 2020, Plaintiff filed the instant action seeking a monetary judgment pursuant to Defendants' breach under the terms of Plaintiff's Note. *See* ECF Dkt. No.: 1. Defendants breached their obligations under the Plaintiff's Note by failing to pay the regular monthly payment which came due on July 1, 2014 (the "Event of Default" or the "Default") and all subsequent payments. *See* ECF Dkt. No.: 1, ¶ 16; ECF Dkt. No.: 73

3

- 5. Defendants also admitted to being in default under the terms of the Loan in their Answer and in their sworn deposition testimony. *See* ECF Dkt. No.: 16, ¶ 20; *see also* ECF Dkt. Nos.: 83 – 4, p. 5, l. 21 – 23 and 83 – 5, ¶. p. 13, l. 2 – 6.

## LEGAL STANDARD TO DEFEAT A MOTION FOR SUMMARY JUDGMENT

To defeat a motion for summary judgment, the non-movant must come forward with specific evidence showing that a genuine issue of material fact exists. *See West-Fair Elec. Contractors v. Aetna Cas. & Surety Co.,* 78 F.3d 61, 63 (2d Cir. 1996). A genuine issue of material fact exists only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Libelty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986); *see also Donnelly v. Greenburgh Cent. Sch. Dist. No. 7,* 691 F.3d 134, 141 (2d Cir. 2012).

In determining if a genuine dispute of material fact exists, "the court must resolve all ambiguities and draw all factual interferences in favor of the party against whom summary judgment is sought." *Buckley v. Deloitte & Touche USA, LLP,* 888 F. Supp. 2d 404, 415 (S.D.N.Y. 2012) *affd*, 541 F. Appx 62 (2d Cir. 2013) (citation omitted). Moreover, mere conclusory allegations, speculation, or conjecture will not avail a party opposing summary judgment. *See D'Amico,* 132 F.3d at 149. As a result, "[w]here no rational finder of fact court finds in favor of the nonmoving party because the evidence to support its case is so slight, summary judgment must be granted." *Brown v. Eli Lilly & Co.,* 654 F.3d 347, 358 (2d Cir. 2011).

## ARGUMENT

**I.  Defendants Waived All Affirmative Defenses Asserted In Their Answer That They Failed To Argue In Opposition to Plaintiff's Motion For Summary Judgment**

A partial response arguing that summary judgment should be denied as to some claims while not mentioning others previously asserted in an answer may be deemed an abandonment of the unmentioned claims. *See Jackson v. Fed. Exp.,* 766 F.3d 189, 195 (2d Cir. 2014); *see also RL*

4

*900 Park, LLC v. Ender,* No. 1:18-cv-12121 (MKV), 2021 WL 738705 (S.D.N.Y. Feb. 25, 2021); *Crotona 1967 Corp. v. Vidu Bros. Corp.,* 925 F. Supp. 2d 298 (E.D.N.Y. 2013).

Here, Defendants submit an opposition, through counsel, to Plaintiff's Motion for Summary Judgment. *See* ECF Dkt. Nos.: 79 – 81. In their Opposition, Defendants failed to assert their first defense, and there second, third, fifth, sixth, seventh, eighth, ninth, and twelfth affirmative defenses. Therefore, this Court should deem these defenses abandoned and grant Plaintiff judgment as a matter of law.

**II.     Plaintiff Established Its Standing As Holder of The Endorsed Note**

The Defendants incorrectly allege in their Opposition to Plaintiff's Motion for Summary Judgment, in the same manner that they alleged in their Motion for Summary Judgment, *see* ECF Dkt. No.: 68 – 4, § I, that Plaintiff lacks standing in the instant foreclosure action. *See* ECF Dkt. No.: 80, § I. Specifically, Defendants argue unpersuasively that Plaintiff is not a holder of the endorsed Plaintiff's Note pursuant to N.Y.U.C.C. ("UCC") § 3-204(1). Defendants' argument alleges that Plaintiff misrepresented the endorsement status of the endorsed Plaintiff's Note because with his affidavit, Jared Dotoli of Gustavia Home LLC, provided the New York State Supreme Court with a copy of the endorsed Plaintiff's Note *and* also a copy of an allonge specifically endorsed to Gustavia Home LLC.

Defendants' arguments are identical to its arguments as set forth in their Motion for Summary Judgment. *See* ECF Dkt. No.: 68 – 4, § I. As such, Plaintiff respectfully refers this Court to its arguments concerning these issues of law in its Memorandum of Law In Opposition to Defendants' Motion for Summary Judgment. *See* ECF Dkt. No.: 86, Argument § I.

The only additional argument set forth by the Defendants alleges that the endorsements on the Plaintiff's Note are not sufficient to transfer the Note because they are allegedly *not* "wet ink"

signatures. This argument is irrelevant because there is no requirement for signatures to be wet ink" under UCC § 3-202. *See In re Modikhan,* No. 1-19-46591-JMM, 2021 WL 5312396, at *11 (Bankr. E.D.N.Y. Nov. 15, 2021). Furthermore, the Defendants lack standing to challenge the negotiation of the Plaintiff's Note because they are not a subsequent "holder in due course." *See* UCC § 3-207; *see also In re Modikhan, supra.*

Therefore, for the reasons set forth its Memorandum of Law In Opposition to Defendants' Motion for Summary Judgment and the additional argument set forth *supra*, this Court must grant Plaintiff's Motion for Summary Judgment in its entirety because the purported allonge possesses no legal significance and Plaintiff established its possession of the endorsed Note at commencement of this action.

### III.     Plaintiff Was Not Required to Obtain Leave of Court To Commence This Action

Defendants argue incorrectly, as they argued previously in their Motion for Summary Judgment, *see* ECF Dkt. No.: 68 – 4, § II, that Plaintiff's action must be dismissed because Plaintiff purportedly failed to comply with N.Y.R.P.A.P.L. ("RPAPL") § 1301(3) by not seeking leave of court prior to commencing the instant action. *See* ECF Dkt. No.: 80, §§ II and III. For the reasons set forth in Plaintiff's Memorandum of Law In Opposition to Defendants' Motion for Summary Judgment, *see* ECF Dkt. No.: 86, Argument § II, this Court should grant Plaintiff's instant Motion for Summary Judgment because the equitable concerns militate against the mechanical application of RPAPL § 1301 in this case.

Specifically, the Judgment of Foreclosure and Sale in the 2009 Action and the subsequent sale of the Property at Auction rendered Plaintiff's Judgment of Foreclosure and Sale in the 2016 Action void. As a result, RPAPL § 1301 is not applicable because there is no possibility of

duplicative litigation because Plaintiff's sole remedy concerning Defendants' default under the Plaintiff's Loan is now a suit for breach of the terms of Plaintiff's Note.

### IV. Rooker-Feldman, *Res Judicata* and Collateral Estoppel Are Irrelevant To Plaintiff's Claims

Defendants argue incorrectly, as they previously argued in their Motion for Summary Judgment, *see* ECF Dkt. No.: 68 - 4, § III, that somehow the doctrines of Rooker-Feldman, collateral estoppel and *res judicata* bar Plaintiff from summary judgment in the instant action. *See* ECF Dkt. No.: 80, § V. For the reasons set forth in Plaintiff's Memorandum of Law In Opposition to Defendants' Motion for Summary Judgment, *see* ECF Dkt. No.: 86, Argument § III, this Court should grant Plaintiff summary judgment because none of these doctrines bar Plaintiff's recovery in the instant action.

### V. Defendants Admitted To Defaulting Under The Terms of the Note and Plaintiff's Claims Are Not Time Barred

Defendants argue incorrectly, as they previously argued in their Motion for Summary Judgment, *see* ECF Dkt. No.: 68 - 4, § IV, that this Court should not grant Plaintiff's instant Motion for Summary Judgment because Plaintiff cannot establish Defendants' default under the terms of the Plaintiff's Note and because Plaintiff's cause of action is barred by the statute of limitations. *See* ECF Dkt. No.: 80, §§ IV and VI.

However, for the reasons set forth in its Memorandum of Law In Opposition to Defendants' Motion for Summary Judgment, *see* ECF Dkt. No.: 86, Argument § IV, Plaintiff's instant action is timely and Plaintiff established Defendants' default under the terms of the Loan through Defendants' admission to default during their sworn depositions. As such, this Court should grant Plaintiff summary judgment.

## VI. Diversity Jurisdiction Exists

Defendants argue incorrectly, as previously argued in their Motion for Summary Judgment, *see* ECF Dkt. No.: 68 - 4, § V, that this Court allegedly lacks subject matter jurisdiction. *See* ECF Dkt. No.: 80, § VII. Specifically, Defendants incorrectly argue that subject matter jurisdiction is lacking because Plaintiff is not a diverse party because its sole member allegedly resides in New York State. *See id*. This argument fails for the arguments set forth in Plaintiff's Memorandum of Law In Opposition to Defendants' Motion for Summary Judgment, *see* ECF Dkt. No.: 86, Argument § V. Accordingly, Defendants have failed to raise a triable issue of fact and Plaintiff is entitled to judgment as a matter of law.

## VII. Compliance With RPAPL § 1304 Is Not Required Because This is Not A Foreclosure Action

Defendants incorrectly argue in their Opposition to Plaintiff's Motion for Summary Judgment that Plaintiff failed to serve the RPAPL § 1304 notices. *See* ECF Dkt. No.: 80, § VIII. This argument is completely devoid of merit and Plaintiff's Motion should be granted in its entirety.

The RPAPL § 1304 notice requirement is only applicable to an action to foreclose a mortgage. *See M&T Bank v. Benjamin,* 145 A.D.3d 1519, 1520, 44 N.Y.S.3d 301, 302 (4th Dept. 2016). Additionally, the RPAPL § 1304 notice requirement is only applicable to "home loans." The Second Circuit has held that under New York law, a loan is *not* a "home loan" when the borrower does not reside at the property secured by the loan at the time of the origination or at any time thereafter. *See Gustavia Home, LLC v. Vaz,* 824 F. App'x 83, 84 (2d Cir. 2020); *see also ARCPE Holding, LLC v. 9Q4U5E LLC,* No. 19-cv-6417(DLI)(RER), 2021 WL 8316275, at *2 (E.D.N.Y. Aug. 11, 2021).

8

Here, the Loan in question was secured by the Property known as 1723 Taylor Avenue, Bronx, New York 10460. *See* ECF Dkt. No.: 83 - 3. Both Defendants stated under oath in their sworn depositions that they reside at 30 Andover Road, Hartsdale, New York 10530. *See* ECF Dkt. No.: 83 - 4, p. 5, l. 21 – 23 and ECF Dkt. No.: 83 - 5, p. 13, l. 2 – 6. Defendant Constance R. Browne testified that 1723 Taylor was always intended to be an investment property. *See id.*

Accordingly, Plaintiff was not required to send notice pursuant to RPAPL § 1304 because this is not a foreclosure action and Plaintiff was not required to send notice under Second Circuit precedent because RPAPL § 1304 in appliable as the underlying Loan was *not* a "home loan."

Therefore, Defendants' argument fails to raise a triable issue of fact and this Court should grant Plaintiff's Motion for Summary Judgment in its entirety.

**VIII. Defendants' Counterclaim for Attorney's Fees Should Be Dismissed**

Defendants argue incorrectly in their Opposition that they are entitled to attorney's fees. *See* ECF Dkt. No.: 80, § IX. Defendants are not entitled to attorney's fees. Plaintiff has established its *prima facie* case and has demonstrated that all of Defendants' affirmative defenses and counterclaims are completely devoid of merit. Thus, Plaintiff is entitled to summary judgment and the counterclaim must be stricken.

## CONCLUSION

Plaintiff has established its entitlement to summary judgment and Defendants have failed to raise a triable issue of fact warranting trial. Therefore, this Court must grant Plaintiff's Motion for Summary Judgment in its entirety.

Dated: August 23, 2022
      Syosset, New York

                                              */s/ Seth D. Weinberg*
                                              Seth D. Weinberg, Esq.